ORIGINAL

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Francisco

VIA FAX

1  GEORGE G. WEICKHARDT (SBN 58586)
   DEVIN C. COURTEAU (SBN 197505)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   201 Spear Street, Suite 1000
3  San Francisco, CA 94105
   Telephone:   (415) 543-4800
4  Facsimile:   (415) 972-6301
   Email:       gweickhardt@rmkb.com
5
   Attorneys for Defendant
6  CHASE BANK USA, N.A.

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 MARIA TICZON,                         CASE NO.

12           Plaintiff,
                                         NOTICE OF REMOVAL OF ACTION
13 v.                                    PURSUANT TO 28 U.S.C. §1441(b)

14 CHASE BANK USA, N.A.; DOES 1
   THROUGH 10,
15
             Defendants.
16

17

18 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19      PLEASE TAKE NOTICE that defendant Chase Bank USA, N.A. ("Chase Bank") hereby

20 removes to this Court the state court action described below.

21      1.      On April 24, 2008, an action was commenced in the Superior Court of the State of

22 California in and for the County of San Mateo entitled MARIA TICZON, plaintiff, vs. CHASE

23 BANK USA, N.A.; DOES 1 THROUGH 10, defendants, as case number 472286. A copy of the

24 complaint in that action is attached hereto as Exhibit A.

25      2.      The first date upon which defendant Chase Bank received a copy of the complaint

26 attached hereto as Exhibit A was May 6, 2008, when Chase Bank was served with a copy of said

27 complaint and a summons from the state court. Accordingly, the 30 day period for removal has

28

not expired as of the date this notice of removal was filed. A copy of the summons is attached hereto as Exhibit B.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by defendant Chase Bank pursuant to the provisions of 28 U.S.C. §1441(b), in that the claims in this action arise under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*.

4. Plaintiff alleges violation of the federal Fair Debt Collection Practice Act in several paragraphs of her complaint, including the following:

    a. Paragraph 1: Plaintiff "brings this lawsuit seeking damages from Defendant[] ... for its violation of the California and Federal laws regulating consumer debt collection practices;

    b. Paragraph 19: Defendant's conduct "violates 15 U.S.C. § 1692c(a)(2), which states a debt collector may not communicate with a consumer without the consumer's permission;"

    c. Paragraph 21: "Defendant Chase [Bank] violates ... 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after receiving notice of attorney representation;"

    d. Prayer A: Plaintiff seeks "[s]tatutory damages as to Defendant Chase [Bank] pursuant to ... 15 U.S.C. § 1692k;" and

    e. Prayer B: Plaintiff seeks "[r]easonable attorney's fees and costs, pursuant to ... 15 U.S.C. § 1692k(a)(3)."

///
///
///
///
///
///
///

5. Intradistrict Assignment: Pursuant to Local Civil Rule 3-5(b), defendant Chase Bank respectfully submits that this action should be assigned to the San Francisco division of this district because a substantial part of the events alleged in the Plaintiff's complaint occurred in the County of San Mateo.

Dated: May **27**, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
GEORGE G. WEICKHARDT
Attorneys for Defendant
CHASE BANK USA, N.A.

Copy

Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)

ATTORNEY FOR PLAINTIFF

ENDORSED FILED
SAN MATEO COUNTY
APR 2 4 2008
Clerk of the Superior Court
By R. Montgomery
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

LIMITED CIVIL

MARIA TICZON, an individual,

    Plaintiff,

v.

CHASE BANK USA, N.A.; DOES 1 THROUGH 10,

    Defendants.

Case No.: CLJ 472286

COMPLAINT SEEKING DAMAGES FOR UNLAWFUL DEBT COLLECTION PRACTICES

DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. Plaintiff MARIA TICZON is a resident of San Mateo County. She brings this lawsuit seeking damages from Defendants Chase Bank ("Chase"), for its violation of the California and Federal laws regulating consumer debt collection practices.

2. The Defendant, Chase, is a debt collector as defined at Cal. Civ. Code § 1788.2(c), which provides:

> (c) The term "debt collector" means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection.

3. The California law, known as the Rosenthal Fair Debt Collection Practices Act, is at Cal. Civ. Code § 1788, *et seq*. The California law incorporates provisions of the federal Fair Debt Collection Practices Act ("FDCPA"), pursuant to Cal. Civ. Code § 1788.17, which states:

> ....every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j.... of Title 15 of the United States Code [i.e., the

COMPLAINT SEEKING DAMAGES
                         1

MARIA TICZON V.
CHASE BANK USA, N.A., et al.



FDCPA].

4. Plaintiff, by this action, seeks statutory damages, attorney's fees and costs.

## II. JURISDICTION AND VENUE

5. Jurisdiction in this court is conferred by 15 U.S.C. § 1692k(d).

6. Venue is proper in this county because Defendant do business in this county, and the collection communications were received in this county.

## III. PARTIES

7. Plaintiff, MARIA TICZON ("Ms. Ticzon") is a married woman who resides with her husband in South San Francisco, CA.

8. Defendant Chase has a principal office at 1 200 White Clay Center Drive, Newark, DE 19711. Chase is a debt collector as defined at Cal. Civ. Code § 1788.2. Chase is amenable to service of process on an officer at its principal office.

9. Plaintiff is ignorant of the true names or capacities of the Defendant sued herein under the fictitious names of DOE ONE through TEN inclusive.

10. Each of the fictitiously named Doe Defendant is responsible in some manner for the wrongdoing alleged herein, and is liable for the damages recoverable by Plaintiff. Each of the Defendant was acting as agent or employee for the others. Plaintiff will seek leave of the court to name the Doe Defendant when their true names and identities are ascertained.

## IV. FACTUAL ALLEGATIONS

11. Sometime ago, Plaintiff was issued a credit card by Defendant Chase for use at Circuit City and other retail stores. The last four digits of the account were 8363.

12. Plaintiff used the account for purchase of consumer goods for Plaintiff's personal and household needs.

13. Plaintiff was unable to make payment on the account because of financial setbacks.

14. Plaintiff sought legal representation to help her through this bleak financial period, and to deal with the unrelenting and stressful demands of her creditors and their

1 | collection agents. She hired attorney Irving L. Berg for legal representation.

2 |     15.    Plaintiff was advised by her attorney that, once her creditors and their collection agents were advised of attorney representation, the law required that the creditors and their collection agents must leave Plaintiff alone and deal with the attorney.

    16.    On February 20, 2008, Plaintiff's attorney sent Defendant Chase a letter advising of his representation of Plaintiff. Exhibit A is a copy of the letter. The letter states, among other things:

> The captioned consumer is a client of mine. All communications concerning my client's financial affairs, including the captioned debt, and any other debts you claim owed by my client shall hereafter be made to this office in writing.

    17.    On March 11, 2008, Defendant Chase, notwithstanding the notice of attorney representation (Exhibit A), wrote Plaintiff directly, demanding payment of the account. Exhibit B is a copy of the Defendant's letter.

    18.    Defendant Chase is liable for sending a collection letter, Exhibit B, to Plaintiff after advisement of attorney representation. Defendant' conduct violates Cal. Civ. Code § 1788.14(c), which prohibits:

> (c) Initiating communications other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in questions.

    19.    Said conduct further violates 15 U.S.C. § 1692c(a)(2), which states a debt collector may not communicate with a consumer without the consumer's permission:

> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer....

## CLAIM FOR RELIEF

20. Plaintiff incorporates by reference all of the foregoing paragraphs.

21. Defendant Chase violates Cal. Civ. Code § 1788.14(c) and 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after receiving notice of attorney representation.

## V. PRAYER

WHEREFORE, according to the remedies allowable under the California law and Federal law, as provided by Cal. Civ. Code § 1788.32:

> The remedies provided herein are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law,

Plaintiff prays for damages as follows:

A. Statutory damages of $2,000 as to Defendant Chase, pursuant to Cal. Civ. Code §§ 1788.30(b) and 15 U.S.C. § 1692k;

B. Statutory damages of $8,000 as to the Doe Defendants, each Doe Defendant to pay its proportionate share, pursuant to Cal. Civ. Code § 1788.30(b) and 15 U.S.C. § 1692k;

C. Reasonable attorney's fees and costs, pursuant to Cal. Civ. Code § 1788.30 and 15 U.S.C. § 1692k(a)(3).

Dated: 4/12/08

/s/
Irving L. Berg
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: 4/12/08

/s/
Irving L. Berg

COMPLAINT SEEKING DAMAGES

4

MARIA TICZON V.
CHASE BANK USA, N.A., et al.

**THE BERG LAW GROUP**
*ATTORNEYS AND COUNSELORS AT LAW*
145 Town Center, PMB 493
Corte Madera, California 94925
Phone: (415) 924-0742  Fax: (415) 891-8208
e-mail irvberg@comcast.net

IRVING L. BERG, ESQ.

February 20, 2008

Chase Card Member Service
PO Box 94011
Palatine, IL 60094-4011

Re:   Marica Ticzon                    **Notice of Attorney Representation and**
      Your Acct #: xxxx8363             **Notice of Dispute**
      Alleged Creditor: Circuit City

Dear Sir or Madam:

I am the attorney for the consumer noted above. You are advised to direct all communications to my office in connection with the collection of any debt allegedly owed by my client to your company or your client, related companies, or companies to whom the debt is assigned or sold.

Please address all inquiries to my attention in writing. The captioned debt is disputed. Please forward verification of the debt. In the unlikely event that the legal relationship with my client is terminated, you will be notified in writing.

Your collection practices are governed by Federal and California consumer laws. If you have any doubt as to these matters, deliver this letter to your attorney or insurance carrier. **The law prohibits you from contacting my client, my client's employer, or my client's family regarding the alleged debts.**

Further, please note that, should a legal action be brought against you in connection with your collection practices, the legal action could result in a judgment that would include actual costs of filing the complaint, actual costs of service of process, and reasonable attorney's fees.

Your co-operation is appreciated

Sincerely,

Irving L. Berg
ILB/cf

repletterCD5, rev 2/08 firm

Chase Bank USA, N.A.
P.O. Box 100043
Kennesaw, GA 30156-9243



March 11, 2008

S002414

Maria S Ticzon
266 Dundee Dr
South San Francisco, CA 94080-1024

Acct No. XXXXXXXXXXXX8363
Current Balance: $5,021.61
Amount Due: $678.00

Dear Maria S Ticzon:

Your Circuit City® Rewards account with Chase Bank USA, N.A. (Chase) has been CLOSED due to the account's current serious delinquent status. It has been reported to the national credit bureaus with a derogatory credit rating. However, if immediate payment of $678.00 is made, we may consider reopening your account in the near future.

**AVOID ADVANCED COLLECTION ACTIVITY AND THE POSSIBILITY OF A CHARGED OFF ACCOUNT BEING REFLECTED ON YOUR CREDIT BUREAU REPORTS!**

You can make your payment by using your checking account information and calling the number below Monday through Friday, from 9:00 AM to 12:00 AM (ET) or Saturday, 9:00 AM to 9:00 PM (ET). Payments can also be made in any Circuit City® store or Western Union Agency office. To find the Western Union Agency office nearest you, call (800) 325-6000. You may also contact an Account Management Representative to confirm your payment today by calling the number below.

Sincerely,

Account Management Department
1-800-204-6358

P.S. Visit us online at www.circuitcitycredit.com. You can check your current balance, make payments, view recent transactions, and even download posted transactions into your financial management software 24 hours a day, 7 days a week.

Account is owned by Chase Bank USA, N.A.
Calls may be monitored and/or recorded to ensure the highest level of quality service.

//FNAS250C/TNP6308/1103080631019995///PL/CR1/

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CHASE BANK USA, N.A.; DOES 1 THROUGH 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
MARIA TICZON, an individual

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED FILED**
SAN MATEO COUNTY
APR 2 4 2008
Clerk of the Superior Court
By    R. Montgomery
       DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Mateo
Southern Branch - Limited Civil
400 County Center, Redwood City, CA 94063-1655

CASE NUMBER: *(Número del Caso)* CLJ 472286

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Irving L. Berg, Attorney at Law, THE BERG LAW GROUP
145 Town Center, PMB 493, Corte Madera, CA 94925, (415) 924-0742

DATE: APR 2 4 2008    JOHN C. FITTON    Clerk by ___MONTGOMERY___, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

(B)

**ORIGINAL**

E-filing



**CIVIL COVER SHEET** PJH

JS 44 (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

### I. (a) PLAINTIFFS
Maria Ticzon

### DEFENDANTS
Chase Bank USA, N.A.

**(b)** County of Residence of First Listed Plaintiff: County of San Mateo, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: County of New Castle, DE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
The Berg Law Group
145 Town Center, PMB 493
Corte Madera, CA 94925
(415) 924-0742

Attorneys (If Known)
Ropers Majeski Kohn & Bentley
201 Spear Street, Suite 1000
San Francisco, CA 94105

### II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Diversity Cases Only)

### IV. NATURE OF SUIT
(Checkbox form - no specific selection clearly marked in contract/torts; 890 Other Statutory Actions appears checked)

### V. ORIGIN
[X] 2 Removed from State Court

### VI. CAUSE OF ACTION
15 USC Section 1692c
Brief description of cause: Fair Debt Collection Practices Act action

### VII. REQUESTED IN COMPLAINT:
DEMAND $ 10,000
JURY DEMAND: [X] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
[X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE: May 27, 08
SIGNATURE OF ATTORNEY OF RECORD: [signature]

```
Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611019513
Cashier ID: bucklem
Transaction Date: 05/27/2008
Payer Name: Ace Messenger and Attorney
----------------------------------------
CIVIL FILING FEE
 For: chase bank
 Case/Party: D-CAN-3-08-CV-002640-001
 Amount:         $350.00
----------------------------------------
CHECK
 Check/Money Order Num: 29875
 Amt Tendered:   $350.00
----------------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:        $0.00

pjh

Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.
```