GEORGE G. WEICKHARDT (SBN 58586)
DEVIN C. COURTEAU (SBN 197505)
ROPERS, MAJESKI, KOHN & BENTLEY
201 Spear Street, Suite 1000
San Francisco, CA 94105
Telephone:    (415) 543-4800
Facsimile:    (415) 972-6301
Email:        gweickhardt@rmkb.com

Attorneys for Defendant
CHASE BANK USA, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA TICZON,<br><br>            Plaintiff,<br><br>v.<br><br>CHASE BANK USA, N.A.; DOES 1 THROUGH 10,<br><br>            Defendants. | CASE NO.  3:08-cv-02640-PJH<br><br>**CHASE BANK USA, N.A.'S ANSWER TO COMPLAINT** |

Defendant Chase Bank USA, N.A. ("Chase Bank"), answers the Complaint Seeking Damages for Unlawful Debt Collection Practices ("Complaint") filed by plaintiff Maria Ticzon ("Plaintiff") as follows:

## ANSWER

### I. INTRODUCTION

1. Chase Bank is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is a resident of San Mateo County, and on that basis denies that allegation. Chase Bank admits that Plaintiff brings this lawsuit seeking damages against defendant Chase Bank, but denies the remaining allegations in paragraph 1 of the Complaint.

2. Chase Bank admits that California Civil Code § 1788.2(c) states: "The term 'debt collector' means any person who, in the ordinary course of business, regularly, on behalf of

1  himself or herself or others, engages in debt collection." Chase Bank denies all remaining
2  allegations in paragraph 2 of the Complaint.

3    3. Chase Bank admits that the California Rosenthal Fair Debt Collection Practices
4  Act is codified at California Civil Code §§ 1788, *et seq.*, that California Civil Code § 1788.17
5  incorporates certain provisions of the federal Fair Debt Collection Practices Act, and that
6  California Civil Code § 1788.17 states:  "Notwithstanding any other provision of this title, every
7  debt collector collecting or attempting to collect a consumer debt shall comply with the
8  provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in
9  Section 1692k of, Title 15 of the United States Code.  However, subsection (11) of Section 1692e
10 and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection
11 (6) of Section 1692a of Title 15 of the United States Code or that person's principal.  The
12 references to federal codes in this section refer to those codes as they read January 1, 2001."
13 Chase Bank denies all remaining allegations in paragraph 3 of the Complaint.

14   4. Chase Bank admits the allegations in paragraph 4 of the Complaint.

## II.  JURISDICTION AND VENUE

16   5. Chase Bank admits that this case was originally filed in the California Superior
17 Court and that it has been removed.  Chase Bank further admits that this Court has jurisdiction of
18 Plaintiff's federal claim pursuant to 28 U.S.C. § 1331, supplemental jurisdiction of Plaintiff's
19 State law claim pursuant to 28 U.S.C. § 1367(a), and that 15 U.S.C. § 1692k(d) confers this Court
20 with jurisdiction to hear claims brought pursuant to 15 U.S.C. §§ 1692, *et seq*.  Chase Bank
21 denies all remaining allegations in paragraph 5 of the Complaint.

22   6. Chase Bank admits that venue of this matter in the United States District Court for
23 the Northern District of California is proper.  Chase Bank is without knowledge or information
24 sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the
25 Complaint, and on that basis denies those allegations.

### III. PARTIES

7.   Chase Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and on that basis denies those allegations.

8.   Chase Bank admits that its amenability to service of process in this matter is determined by California law. Chase Bank denies the remaining allegations in paragraph 8 of the Complaint.

9.   Chase Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and on that basis denies those allegations.

10.  Chase Bank is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff will seek to name Doe defendants when she ascertains their names and identities, and on that basis denies that allegation. Chase Bank denies all remaining allegations in paragraph 10 of the Complaint.

### IV. FACTUAL ALLEGATIONS

11.  Chase Bank admits the allegations in paragraph 11 of the Complaint.

12.  Chase Bank admits that Plaintiff made purchases using the credit card issued to her by Chase Bank. Chase Bank is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint, and on that basis denies those allegations.

13.  Chase Bank admits that Plaintiff failed to make payment on the credit card account issued to her by Chase Bank. Chase Bank is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint, and on that basis denies those allegations.

14.  Chase Bank admits that Plaintiff has retained attorney Irving L. Berg to represent her in this action. Chase Bank is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 of the Complaint, and on that basis denies those allegations.

15. Chase Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and on that basis denies those allegations.

16. Chase Bank admits that Exhibit A to the Complaint is a letter, dated February 20, 2008, addressed to "Chase Card Member Service, PO Box 94011, Palatine, IL 60094-4011," regarding Mr. Berg's representation of a person identified as "Marica Ticzon." Chase Bank further admits that Exhibit A fails to identify the Chase Bank credit account number of the person whom Mr. Berg purports to represent. Chase Bank is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's attorney sent Exhibit A to Chase Bank on February 20, 2008, and on that basis denies that allegation. Chase Bank denies all remaining allegations in paragraph 16 of the Complaint.

17. Chase Bank admits that Exhibit B to the Complaint is a letter, dated March 11, 2008, from Chase Bank to Plaintiff regarding Plaintiff's credit card account with Chase Bank. Chase Bank denies all remaining allegations in paragraph 17 of the Complaint.

18. Chase Bank admits that California Civil Code § 1788.14(c) states: "Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry." Chase Bank denies all remaining allegations in paragraph 18 of the Complaint.

19. Chase Bank admits that 15 U.S.C. § 1692c(a)(2) states: "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the

1  attorney consents to direct communication with the consumer." Chase Bank denies all remaining
2  allegations in paragraph 19 of the Complaint.

### CLAIM FOR RELIEF

4  20.  Answering paragraph 20 of the Complaint, Chase Bank incorporates by reference
5  the admissions, allegations and denials set forth in paragraphs 1 through 19 of this Answer.

6  21.  Chase Bank denies the allegations set forth in paragraph 21 of the Complaint.

### V. PRAYER

8  22.  Chase Bank denies that Plaintiff has been injured by any act or omission of Chase
9  Bank, and denies that Plaintiff is entitled to any of the relief requested in the Prayer to the
10  Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts upon which a claim for relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Chase Bank fully complied with any and all of its duties under 15 U.S.C. §§ 1692, *et seq.* and California Civil Code Section 1788, *et seq.*

### THIRD AFFIRMATIVE DEFENSE

Chase Bank fully complied with the provisions of all statutes alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable state and federal statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Chase Bank's conduct was privileged.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

At all times and places mentioned in the Complaint herein, Plaintiff failed to mitigate the amount of her damages. The damages claimed by Plaintiff could have been mitigated by due diligence on her part or by one acting under similar circumstances. Plaintiff's failure to mitigate is a bar to her recovery under the complaint.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the contributory and comparative negligence and fault of Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

The matters of which the Complaint complains are the acts and responsibilities of parties other than Chase Bank.

**TWELFTH AFFIRMATIVE DEFENSE**

Pursuant to Civil Code § 1788.30(d), Chase Bank has no liability for any alleged violation(s) of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, *et seq*. ("Rosenthal Act"), because it did not receive proper written notice sufficient to put it on notice of any purported violation(s), and therefore was not in a position to correct any deficiencies prior to the maintenance of this Complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Pursuant to Civil Code § 1788.30(d), Chase Bank has no liability for any alleged violation(s) of the Rosenthal Act because, to the extent it was aware of any purported violation(s), it took steps to cure the purported violation(s) with respect to Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Pursuant to Civil Code § 1788.30(e), Chase Bank has no liability for any alleged violation(s) of the Rosenthal Act because it can show by a preponderance of the evidence that any violations were not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation(s).

### FIFTEENTH AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), Chase Bank has no liability for any alleged violation(s) of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, because it can show by a preponderance of the evidence that any violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such errors.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has materially breached the credit card contract with Chase Bank and her claims are barred by her failure to abide by the terms and conditions of those contracts.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to mandatory arbitration pursuant to the terms of its agreement with Chase Bank.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has filed a voluntary petition in bankruptcy under Chapter 7. This lawsuit has thus become part of the bankruptcy estate, and plaintiff has no standing to prosecute this lawsuit.

WHEREFORE, Chase Bank USA, N.A. hereby prays for judgment as follows:

1. That Plaintiff take nothing by her Complaint;
2. That the Complaint be dismissed with prejudice;
3. For any other and further relief the Court deems proper.

Dated: June 3, 2008                                ROPERS, MAJESKI, KOHN & BENTLEY


By:/s/ George G. Weickhardt
GEORGE G. WEICKHARDT
Attorneys for Defendant
CHASE BANK USA, N.A.

RC1/5126821.1/DCC                               - 7 -                      CHASE BANK USA, N.A.'S ANSWER TO COMPLAINT

1 | CASE NAME: *Ticzon v. Chase Bank USA, N.A., et al.*

2 | ACTION NO.: C 08-02640 PJH

### PROOF OF SERVICE

1. At the time of service I was over 18 years of age and not a party to this action.

2. My business address is 201 Spear Street, Suite 1000, San Francisco, CA 94105.

3. On June 3, 2008, I served the following documents:

**CHASE BANK USA, N.A.'S ANSWER TO COMPLAINT**

4. I served the documents on the persons at the address below (along with their fax numbers and/or email addresses if service was by fax or email):

*Attorneys for plaintiff*
Irving L. Berg
The Berg Law Group
145 Town Center, PMB 493
Corte Madera, CA 94925
Tel: (415) 924-0742
Fax: (415) 891-8208
E-mail:  irvberg@comcast.net

5. I served the documents by the following means:

    a. ☒ By United States mail: I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses specified in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    b. ☐ By overnight delivery: I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date:   June 3, 2008             /s/ Wendy Krog